IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40855
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN ANTONIO CERON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-01-CR-69-1
--------------------
July 2, 2002

Before DAVIS, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Antonio Ceron ("Ceron") appeals his guilty-plea conviction and sentence for possession of 428 kilograms of marijuana with intent to distribute. Ceron argues that his guilty plea was involuntary because the district court did not advise him of the mandatory minimum 60-month sentence and did not make further inquiry when Ceron indicated at rearraignment that he had been promised a safety-valve reduction in exchange for his guilty plea. He also argues that the district court abused its

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discretion in denying his FED. R. CRIM. P. 32(e) motion to withdraw his guilty plea, in light of the involuntariness of the plea and his assertion of innocence.

Ceron's arguments concerning the voluntariness of his plea are factually erroneous. The corrected transcript of the rearraignment shows that Ceron replied "no" when asked whether he had been promised a safety-valve reduction. The record also shows that he was admonished concerning the mandatory minimum sentence in accordance with FED. R. CRIM. P. 11. This issue is without merit.

The district court did not abuse its discretion in denying Ceron's motion to withdraw his guilty plea. The district court weighed the factors set forth in United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984), and determined that the totality of the circumstances did not support withdrawal of the plea. Ceron's declarations of guilt at rearraignment were clear, unequivocal, and carry a strong presumption of verity. See United States v. Lampazianie, 251 F.3d 519, 524 (5th Cir. 2001). The record shows that the district court conducted a careful and thorough plea colloquy pursuant to FED. R. CRIM. P. 11, that Ceron was assisted by counsel at rearraignment, and that his guilty plea was knowing and voluntary. Ceron did not carry his burden of showing a fair and just reason to withdraw the plea. See FED. R. CRIM. P. 32(e); Lampazianie, 251 F.3d at 525.

AFFIRMED.