**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 25, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-31048
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD RAY HOWARD, also known as Dirty,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 03-CR-50015-1
--------------------

Before DUHÉ, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[1]

Donald Ray Howard appeals his guilty-plea conviction for conspiracy to possess with intent to distribute 500 grams or more of cocaine. Howard contends that the district court erred in denying his motion to withdraw his guilty plea. We AFFIRM.

The district court may grant a motion to withdraw a guilty plea before a defendant is sentenced if the defendant shows any "fair and just reason." FED. R. CRIM. P. 11(d)(2). "A motion to withdraw a guilty plea is committed to the discretion of the district court and its decision will not be disturbed absent an

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

abuse of discretion." United States v. Still, 102 F.3d 118, 123 (5th Cir. 1996). "The burden of establishing a fair and just reason for withdrawing a guilty plea remains at all times on the defendant." Id. at 124.

Factors to be considered by the district court in applying the standard of "a fair and just reason" are (1) whether the defendant asserted his innocence; (2) whether withdrawal would prejudice the Government; (3) whether the defendant delayed in filing the motion; (4) whether withdrawal of the plea would substantially inconvenience the court; (5) whether close assistance of counsel was available; (6) whether the plea was knowing and voluntary; and (7) whether withdrawal would waste judicial resources. See United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984). After a hearing at which Howard declined to testify, the district court found, inter alia, that Howard's guilty plea was knowing and voluntary and that he had had the effective assistance of counsel.

Howard contends that the Carr test is not applicable because his plea bargain was void for lack of consideration, citing Mabry v. Johnson, 467 U.S. 504 (1984). In that case, the state prisoner (Johnson) sought relief on grounds that the prosecutor withdrew a plea offer after Johnson had agreed to accept it. 467 U.S. at 505-06. The Court denied relief to Johnson, holding that "because it did not impair the voluntariness or intelligence of his guilty plea, [Johnson's] inability to enforce the prosecutor's offer [was] without constitutional significance." Id. at 510. Similarly, any shortcomings in Howard's plea agreement do

2

not entitle him to relief because the record supports the district court's findings that his guilty plea was knowing and understandingly made and there was no evidence that it was induced by the plea agreement. Thus, the district court did not abuse its discretion by denying Howard's request to withdraw his plea. <u>See</u> <u>United States v. Lampazianie</u>, 251 F.3d 519, 523-25 (5th Cir. 2001).

AFFIRMED.