**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 21, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41710
Summary Calendar

_____

UNITED STATES OF AMERICA

        Plaintiff - Appellee

    v.

LETICIA CALVILLO

        Defendant - Appellant

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CR-442-1
---------------------

Before KING, Chief Judge, and DAVIS and STEWART, Circuit Judges.

PER CURIAM:[*]

    Leticia Calvillo appeals her guilty-plea conviction and
sentence for transporting illegal aliens in violation of 8 U.S.C.
§ 1324(a).  Calvillo argues that trial counsel was ineffective
because he advised her to sign a plea agreement that waived any
right she had to have facts used in calculating her sentence
charged in the indictment and proven to a jury beyond a
reasonable doubt.  She argues that, given the legal landscape at
the time of her plea, counsel should not have let her agree to

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

this waiver in the plea agreement and that he should have objected at the sentencing hearing to the mandatory aspect of the sentencing guidelines and to the enhancements under the guidelines that were used to calculate her sentence. Finally, she argues that her sentence violated United States v. Booker, 125 S. Ct. 738 (2005), because it was enhanced based upon facts not proven to a jury or proved beyond a reasonable doubt.

The general rule in this circuit is that claims of ineffective assistance will not be considered on direct appeal "when, as here, it was not raised in the district court, because there has been no opportunity to develop record evidence on the merits of the claim." United States v. Lampazianie, 251 F.3d 519, 527 (5th Cir. 2001); see also Massaro v. United States, 538 U.S. 500, 504-05 (2003). We conclude that a motion brought under 28 U.S.C. § 2255 would be preferable to direct appeal for deciding Calvillo's claim of ineffective assistance. See Massaro, 538 U.S. at 504-05.

Calvillo argues that the exception to her appeal waiver for upward departures applies to her Booker argument because the district court's finding that she transported 10 aliens increased her guidelines range, thereby constituting a departure. We have previously rejected a similar argument. See United States v. McKinney, __ F.3d __, No. 04-41223, 2005 WL 887153 at *2-3 (5th Cir. Apr. 15, 2005).

APPEAL DISMISSED.