United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 5, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50304
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN LEE COOK,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:04-CR-157-ALL
--------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

John Lee Cook appeals his jury-trial conviction on one count
of distribution of cocaine base (crack) in violation of 21 U.S.C.
§ 841(a)(1). Finding no error, we affirm.

Cook first argues that the district court abused its
discretion in admitting evidence of his 1993 cocaine possession
conviction pursuant to FED. R. EVID. 404(b). Even if we were to
find error, which is unlikely, any such error would be harmless.
See United States v. Buck, 324 F.3d 786, 790 (5th Cir. 2003)
(stating that errors in the admission of evidence may be excused

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

if harmless). The evidence against Cook was strong, consisting of testimony by a confidential informant who purchased crack from Cook; corroborating testimony by police officers; including one who observed Cook and the informant exchange items; and videotape and audiotape surveillance. In addition, the district court gave a proper limiting instruction regarding the evidence. See United States v. Thomas, 348 F.3d 78, 86 (5th Cir. 2003) (stating that any prejudicial effect of Rule 404(b) evidence may be minimized by instructing the jury to use the evidence for a limited purpose). Accordingly, any error was harmless. See United States v. Farias-Farias, 925 F.2d 805, 811-12 (5th Cir. 1991) (any error in admission of extrinsic evidence of prior arrests was harmless in light of limiting instruction and strong evidence of guilt).

Cook also contends that the district court erred in admitting certain impeachment evidence regarding his prior cocaine use and conviction. Cook did not raise this objection at trial, and therefore, we review for plain error. United States v. Polasek, 162 F.3d 878, 883 (5th Cir. 1998). Again, given the strength of the independent evidence against Cook, any error was harmless and does not, therefore, meet the more strenuous plain error standard.

Cook challenges the district court's jury instruction regarding impeachment for the first time on appeal, and, as a result, we review for plain error. See United States v. Rubio, 321 F.3d 517, 523 (5th Cir. 2003). The instruction was a correct

statement of the law and is identical to one of this court's pattern jury instructions, No. 1.10. Further, the instruction generally applied to the jury's determination of the credibility of all witnesses. There was no error, plain or otherwise.

Finally, Cook complains of certain instances of alleged ineffective assistance of counsel relating primarily to the substantive issues raised above. We do not review these claims on direct appeal because the record is not sufficiently developed to allow a fair evaluation of their merits. United States v. Lampazianie, 251 F.3d 519, 527 (5th Cir. 2001). The preferred method for raising such claims is by filing a 28 U.S.C. § 2255 motion so that a record can be developed. See Massaro v. United States, 538 U.S. 500, 505 (2003).

For the foregoing reasons, the judgment of the district court is AFFIRMED.