United States Court of Appeals
Fifth Circuit

**F I L E D**

July 24, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-11140
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFREDO RIOS RIVERA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:04-CR-3-1-C
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Alfredo Rios Rivera, appearing pro se, appeals his guilty-plea conviction and sentence. Finding no error, we affirm.

Rivera challenges the voluntariness of his guilty plea on several grounds. As Rivera did not raise a voluntariness challenge in the district court, we review for plain error. See United States v. Brown, 328 F.3d 787, 789 (5th Cir. 2003). The district court informed Rivera of the nature of the charges against him, the minimum and maximum penalties he faced, and his constitutional rights, and otherwise substantially complied with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

FED. R. CRIM. P. 11.   Thus, we reject Rivera's conclusory assertion that the plea colloquy was inadequate.

Rivera also contends that he was not competent to enter the plea because of his mental condition and due to medications that he was taking.  At the guilty-plea hearing, Rivera replied in the negative when asked if he had ever been treated for mental illness and whether he was under the influence of any medications.  His statements under oath are entitled to a strong presumption that they are true.  See Blackledge v. Allison, 431 U.S. 63, 74 (1977).  We decline to consider the documents or medical evidence on which Rivera relies, as there is no indication that they were before the district court at the time of the guilty plea.  See United States v. Flores, 887 F.2d 543, 546 (5th Cir. 1989).  The district court did not plainly err in concluding that Rivera was competent.

Rivera also asserts that his plea was involuntary because he was not aware that a certain piece of real property located on Old Lamesa Road (the Lamesa Road Property) was subject to forfeiture.  This assertion is contrary to the written plea agreement in which Rivera expressly agreed to the forfeiture of that property.  Rivera told the court that he had read, understood, and agreed with the terms and conditions of the agreement.  Rivera's contention is without merit.
Rivera also argues that his plea was involuntary due to various instances of ineffective assistance of counsel.  The record is

insufficiently developed for us to consider these claims. Accordingly, we decline to consider them.  See United States v. Lampazianie, 251 F.3d 519, 523 (5th Cir. 2001).

Rivera next argues that the district court's finding of drug quantity violates the rule set out in United States v. Booker, 543 U.S. 220 (2005).  As the Government correctly asserts, Rivera waived his right to appeal his sentence except in the case of a sentence that exceeds the statutory maximum, an upward departure, or an arithmetic error.  None of those claims implicates Booker. Therefore, Rivera waived his right to challenge his sentence under Booker.  See United States v. Burns, 433 F.3d 442, 443, 445-46 (5th Cir. 2005).

We reject Rivera's contention that he was unaware of the appeal waiver and did not enter into it knowingly and voluntarily.  The waiver was plainly set forth in the plea agreement and was explained to Rivera at the time he pleaded guilty.  Thus, we hold Rivera to his agreement.  See United States v. Portillo, 18 F.3d 290, 292-93 (5th Cir. 1994). Rivera's contention that the district court informed him he could appeal at the time of sentencing is unavailing, as the court merely stated that he could appeal as set forth in the plea agreement.  We also reject his argument that the Government waived reliance on the waiver, given that the Government invoked the waiver in response to Rivera's appeal brief.

Finally, Rivera challenges the forfeiture of the Lamesa Road Property. Rivera's challenge to the forfeiture is foreclosed by his waiver of his right to appeal his sentence, see Libretti v. United States, 516 U.S. 29, 38-39 (1995) (forfeiture is an element of the sentence), and by his concession in the plea agreement that the property was subject to forfeiture.

For the foregoing reasons, the judgment of the district court is AFFIRMED.