United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 28, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-50792
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL HINES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:05-CR-218
--------------------

Before JONES, Chief Judge, and JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

Miguel Hines appeals his 30-month sentence following his guilty-plea conviction for distributing crack cocaine within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1) and 860.

Hines argues that his sentence was unreasonable because it was calculated based upon conduct which was neither admitted, adjudicated, or proven, and therefore violated <u>United States v. Booker</u>, 543 U.S. 220, 260-63 (2005). He asserts that he was sentenced based on 2.75 grams of crack cocaine, rather than the

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1.66 grams alleged in Count 2 of the indictment to which he pleaded guilty.

The Government seeks enforcement of the plea agreement in which Hines waived the right to appeal any aspect of his sentence except certain claims such as ineffective assistance of counsel. Hines does not address the waiver provision in his own brief, and he has not filed a reply to the Government's brief. A review of the record shows that the appeal waiver was knowing and voluntary and bars review of Hines's sentencing issue. See United States v. Bond, 414 F.3d 542, 544 (5th Cir. 2005).

Hines also argues that he was denied effective assistance of counsel. A claim of ineffective assistance of counsel generally will not be considered for the first time on direct appeal because there has not been an opportunity to develop evidence on the claim. United States v. Lampazianie, 251 F.3d 519, 527 (5th Cir. 2001). The record here has not been sufficiently developed to permit consideration of Hines's claims on direct appeal.

Accordingly, without prejudice to Hines's right to file a motion pursuant to 28 U.S.C. § 2255, the judgment of the district court is AFFIRMED.