# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-10030
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

GREGORY LEAVELL WEATHERALL

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CR-81-3

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Gregory Leavell Weatherall appeals his conviction and life sentence for conspiracy to possess with intent to distribute 50 grams or more of crack cocaine. The mandatory life sentence was based on five prior drug felony convictions. See 21 U.S.C. § 841(b)(1)(A).

Weatherall contends that the evidence was insufficient to convict him or to establish his possession of 50 grams of crack. The record contains ample

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence supporting the court's finding beyond a reasonable doubt that Weatherall knew about and voluntarily participated in a drug conspiracy involving more than 50 grams of crack cocaine. See United States v. Bermea, 30 F.3d 1539, 1551 (5th Cir. 1994). Because Weatherall's participation in the conspiracy was well-established, "the quantity of drugs attributable to him 'includes both the drugs with which the defendant was directly involved and the drugs that can be attributed to him through the conspiracy.'" United States v. Medina, 161 F.3d 867, 876 (5th Cir. 1998); see also Pinkerton v. United States, 328 U.S. 640, 647 (1946) (conspirator is deemed guilty of acts committed by other conspirators in furtherance of the conspiracy). The evidence was sufficient to convict Weatherall as charged.

Weatherall contends that he did not receive notice pursuant to 21 U.S.C. § 851 that the Government intended to use prior convictions to enhance his sentence. The record indicates that the Government filed the required information prior to trial and served it on Weatherall's counsel of record. Personal service on Weatherall was not required. See United States v. Hare, 150 F.3d 419, 424 (5th Cir. 1998), overruled on other grounds, United States v. Doggett, 230 F.3d 160 (5th Cir. 2000). The contention lacks merit.

Weatherall also contends that counsel rendered ineffective assistance by failing to challenge the prior convictions used to enhance his sentence. Because 28 U.S.C. § 2255 is the preferred vehicle for raising a claim of ineffective assistance of counsel, we decline to address this issue on direct appeal. See Massaro v. United States, 538 U.S. 500, 504-05 (2003); United States v. Lampazianie, 251 F.3d 519, 527 (5th Cir. 2001).

The judgment of the district court is AFFIRMED.