# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 8, 2012

Lyle W. Cayce
Clerk

No. 11-40051
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ENRIQUE CANALES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:10-CR-17-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Enrique Canales pleaded guilty to one count of possession with intent to distribute more than five kilograms of cocaine. He was sentenced to the statutory minimum term of 120 months of imprisonment and to five years of supervised release. Canales argues that his counsel rendered ineffective assistance by failing to pursue a motion to suppress evidence. He further contends that his guilty plea was not knowing and voluntary.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40051

Canales did not raise his ineffective assistance of counsel claim in the district court. Because the record does not provide sufficient detail to make a fair evaluation of the ineffective assistance claim that Canales argues on appeal, we decline to consider the claim without prejudice to Canales's right to raise it in a subsequent proceeding. *United States v. Gulley*, 526 F.3d 809, 821 (5th Cir. 2008).

Canales's challenge to the voluntariness of his plea, as he acknowledges, is reviewed for plain error. *United States v. Vonn,* 535 U.S. 55, 58-59 (2002). To show plain error, Canales must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States,* 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

The record demonstrates that Canales was fully informed of the consequences of his plea and the rights that he was relinquishing by pleading guilty. *See United States v. Reyes*, 300 F.3d 555, 558 (5th Cir. 2002); *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990). Canales's sworn statements at rearraignment belie his claims that his plea was not knowing and voluntary. See *United States v. Lampazianie,* 251 F.3d 519, 524 (5th Cir. 2001). Accordingly, the judgment of the district court is AFFIRMED.