## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60062

United States Court of Appeals
Fifth Circuit

**FILED**
August 5, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

MARIO LADELL MCCLINTON, also known as Yo,

      Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC 3:13-CV-275

Before CLEMENT, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:*

      Defendant Mario Ladell McClinton appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate. Because McClinton's sworn statements are inconsistent with his § 2255 claim, the district court did not abuse its discretion in denying McClinton's claim without an evidentiary hearing. We therefore AFFIRM.

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60062

## I.     Background

McClinton was charged with conspiracy to distribute and to possess with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(B), and 846.  In the middle of trial, he entered a guilty plea.  Pursuant to the plea agreement, McClinton waived the right to collaterally attack his conviction and sentence.  During the change-of-plea hearing, McClinton stated that he was "pleased" with his counsel's representation.  In support of his late plea, he said "he wouldn't have came this far if [he] would have seen what [he] needed to see."  When asked if "anyone promised [him] what the sentence would be," McClinton answered, "No."

In calculating McClinton's sentence guidelines, the presentence report (PSR) applied the career offender guideline enhancement based on McClinton's prior convictions.  As a result, McClinton's guideline range was 210 to 262 months.  McClinton objected to the PSR, including the career offender enhancement, but the district court overruled his objection.  The district court adopted the PSR's sentencing recommendation but granted the Government's motion for a downward departure based on McClinton's cooperation and the plea agreement.  McClinton was sentenced to 168 months of imprisonment.

McClinton then filed a timely § 2255 motion in which he claimed ineffective assistance of trial counsel.  He asserted that his guilty plea had been involuntary due to "incorrect legal advice" provided by his attorney regarding his plea.  McClinton alleged that he had learned from the Government's attorney "[i]n the midst" of his trial "about career offender status."  He alleged that his attorney advised him that, if he accepted the plea agreement, the Government "would not seek to have him sentenced as a 'career offender.'"  McClinton also alleged that his attorney informed him he would receive a sentence of approximately seven years, but his actual sentence was twice that.

2

McClinton stated that he "would not have entered a plea of guilty" if not for the erroneous advice he received.

The district court denied McClinton § 2255 relief without conducting an evidentiary hearing. It determined that McClinton could not demonstrate ineffective assistance of counsel based on his attorney's advice to plead guilty because it did not prejudice McClinton. The district court reasoned that if McClinton had been convicted at trial, he would have faced a sentencing range of 360 months to life, as opposed to the 168 months he received following his guilty plea. The district court also determined, based in part on McClinton's sworn statements at the plea hearing, that McClinton could not show that he would have proceeded to a jury verdict but for his trial attorney's allegedly deficient advice. McClinton's timely appeal followed.

## II.    Discussion

We review a district court's decision to deny an evidentiary hearing on a § 2255 motion for an abuse of discretion. *See United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006). A district court may deny an evidentiary hearing "if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam). No hearing is required unless (1) the record, as supplemented by the trial judge's personal knowledge or recollection, does not conclusively negate the facts alleged in support of the claim for § 2255 relief, and (2) the movant would be entitled to postconviction relief as a legal matter if his factual allegations were true. *See Friedman v. United States*, 588 F.2d 1010, 1014–15 (5th Cir. 1979) (per curiam). If there are no "independent indicia of the likely merit" of McClinton's allegations, a hearing is not required. *Edwards*, 442 F.3d at 264.

McClinton contends that the district court erred in denying his § 2255 motion without holding an evidentiary hearing because the record does not

conclusively negate his entitlement to relief. McClinton asserts that he is entitled to relief because, but for his counsel's erroneous advice regarding the plea agreement, he would have proceeded with his trial and not been sentenced as a career offender. McClinton highlights the fact that he initially elected a jury trial.

A defendant has a right under the Sixth Amendment to the competent advice of counsel during "the plea-bargaining process." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). The standard for claims of ineffective assistance of counsel in this context was articulated in *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017). There, the Supreme Court held that the district court should examine whether, but for counsel's errors, the defendant would not have pleaded guilty and instead insisted on going to trial. *Id.* In *Lee*, the defendant's main concern was avoiding deportation. *Id.* at 1967–68. Therefore, despite his lack of defenses to the challenged crime, he would have proceeded to trial rather than pleading guilty if he had been properly advised of the fact that a conviction would ensure deportation. Thus, he was entitled to relief for ineffective assistance of counsel. *Id.* at 1969. However, the Court noted that the necessary proof to support this conclusion could not come from "*post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Id.* at 1967. Instead, "contemporaneous evidence" is the key. *Id*; *see also United States v. Crain*, 877 F.3d 637, 650 (5th Cir. 2017) (explaining that "self-serving post hoc assertions about how [the defendant] would have pled" do not negate the contemporaneous comments at the plea hearing).

The "contemporaneous evidence" here, found in McClinton's change-of-plea hearing, demonstrates that he made several sworn statements that are inconsistent with his post hoc assertions in his § 2255 claim. Sworn statements in open court are entitled to a strong presumption of truthfulness. *United*

*States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001).  Moreover, we will not allow a defendant to contradict testimony given under oath at a plea hearing.  *See United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). The district court thoroughly questioned McClinton to ensure he understood the plea agreement and its consequences.  When asked about his attorney's representation, McClinton stated that he was "pleased," and, clearly referring to his late discovery of the career offender laws, he "wouldn't have c[o]me this far if [he] would have seen what [he] needed to see."  This latter remark contradicts the notion that he would have pursued a trial knowing that the career offender status would put him at risk of approximately 200 more months[1] of imprisonment than the result he obtained.  The district court therefore concluded that McClinton could not show that he would have finished trial absent his attorney's advice to plead guilty.  Further, when asked whether anyone had promised him what his sentence would be, McClinton said "No." The plea agreement itself, which McClinton signed, also expressly stated that "no promise or representation whatsoever has been made to McClinton as to what punishment the court might impose."

McClinton's statements contradict his claim that he would not have taken the plea deal but for his attorney's advice.  The "contemporaneous evidence" conclusively negates his "post hoc" assertions.  Thus, the district court did not abuse its discretion in denying McClinton an evidentiary hearing on his § 2255 claim.

AFFIRMED.

---

[1] If McClinton had not pleaded and was found guilty by the jury, his guideline range would have been 360 months to life.

5