# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2021

Lyle W. Cayce
Clerk

No. 21-60142
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Artez Gray,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:19-CR-28-1

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

After Artez Gray pled guilty to possession with the intent to distribute cocaine, the district court sentenced him to 90 months of imprisonment and three years of supervised release.  Gray argues that the district court should have construed his pro se motion requesting dismissal of the presentence

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

report (PSR) as a request for withdrawal of his guilty plea and granted that construed motion. Because Gray never asked to withdraw his guilty plea either in his pro se motion or at the motion hearing, there was no basis for the district court to construe that motion as a request to withdraw his guilty plea.

We usually review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion, but Gray's challenge is subject to plain-error review because he raises it for the first time on appeal. *See United States v. McKnight*, 570 F.3d 641, 645 (5th Cir. 2009); *United States v. Rhodes*, 253 F.3d 800, 804 (5th Cir. 2001). Our review of the relevant factors does not show an abuse of discretion, especially under plain-error review. *See United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001).

Gray also contends for the first time on appeal that the district court should have appointed him substitute counsel before it considered his motion for dismissal of the PSR. This challenge is also subject to plain-error review. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). As Gray's pro se motion to dismiss the PSR and his motion for appointment of substitute counsel shared the same basis, both motions were discussed at the same hearing. Because Gray has not shown how appointment of substitute counsel prior to consideration of his motion to dismiss the PSR would have altered the outcome, he has not shown reversible plain error in this regard. *See id.*

Gray's challenge to the procedural and substantive reasonableness of his sentence is barred by the terms of the appeal-waiver provision in his plea agreement. Gray argues that the appeal-waiver provision should not be enforced because the Government breached the plea agreement by breaking a promise not to apply the career-offender enhancement. Also, he contends his guilty plea was induced by an unkept promise by defense counsel or the prosecutor. The record, however, does not support either argument. Because the record shows that his guilty plea was valid, we will enforce that

waiver provision, as requested by the Government. *See United States v. Dees*, 125 F.3d 261, 269 (5th Cir. 1997).

The district court's judgment is AFFIRMED.  Gray's motion on appeal to place his brief and the record excerpts under seal is GRANTED.