# United States Court of Appeals for the Fifth Circuit

No. 23-20193
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 13, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Lashonia Johnson,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CR-344-2

---

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Lashonia Johnson appeals the 180-month sentence imposed following her guilty plea conviction for conspiracy to commit healthcare fraud and wire fraud. She challenges the 24-level increase applied pursuant to U.S.S.G. § 2B1.1(b)(1)(M) for a loss between $65 million and $150 million.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Johnson's general objection to the loss amount and methodology under § 2B1.1(b)(1)(M) was not sufficiently specific to preserve the arguments she raises on appeal. *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). Accordingly, our review is for plain error. *See United States v. Vargas*, 21 F.4th 332, 334 (5th Cir. 2021). To establish plain error, Johnson must show a forfeited error that is clear or obvious and that affects her substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If those requirements are satisfied, this court has the discretion to correct the error but only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (alteration in original) (internal quotation marks and citation omitted).

Johnson has shown no clear or obvious error with regard to the application of the 24-level increase under § 2B1.1(b)(1)(M). *See Puckett*, 556 U.S. at 135. The factual basis in the plea agreement stated that Johnson was a member of the conspiracy in 2014. At rearraignment, Johnson admitted that the factual basis was true. Johnson's "solemn declarations in open court carry a strong presumption of verity." *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001) (internal quotation marks, brackets, and citation omitted). That information was also included in the presentence report which the court was free to adopt as Johnson did not offer any rebuttal evidence. *See United States v. Gomez-Alvarez*, 781 F.3d 787, 796 (5th Cir. 2015). In addition, her argument ignores evidence of her involvement in 2014.

The billed amounts totaling $91.7 million constituted prima facie evidence of intended loss; Johnson then had to rebut that evidence by showing the legitimate intended loss amount, which she did not do. *See* § 2B1.1, comment. (n.3(F)(viii)); *United States v. Isiwele*, 635 F.3d 196, 202 (5th Cir. 2011). To the contrary, Johnson stipulated that the intended loss amount was $91.7 million in the plea agreement. There is nothing in the

record supporting her contention that she was prevented from putting on any evidence she wished, nor does she describe any such evidence. Similarly, she offers no alternative calculation of loss and any resulting guidelines range. Thus, she fails to show any effect on her substantial rights. *See United States v. McGavitt*, 28 F.4th 571, 579 (5th Cir. 2022).

AFFIRMED.