# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 24, 2025

Lyle W. Cayce
Clerk

No. 25-60017
Summary Calendar

———————————

Ｕｎｉｔｅｄ Ｓｔａｔｅｓ ｏｆ Ａｍｅｒｉｃａ,

*Plaintiff—Appellee*,

*versus*

Ｒａｓｈｏｎ Ｊｅｒｍａｉｎｅ Ｈａｒｒｉｓ,

*Defendant—Appellant*.

———————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:24-CR-14-1

———————————

Before Ｓｍｉｔｈ, Ｈｉｇｇｉｎｓｏｎ, and Ｗｉｌｓｏｎ, *Circuit Judges*.

Ｐｅｒ Ｃｕｒｉａｍ:[*]

Rashon Jermaine Harris appeals the sentence of 240 months of imprisonment and three years of supervised release imposed following his guilty plea conviction for possession with intent to distribute methamphetamine. The Government has moved to dismiss the appeal,

---

[*] This opinion is not designated for publication. *See* 5ᴛʜ Ｃɪʀ. R. 47.5.

seeking enforcement of the appeal waiver provision in Harris's plea agreement.

We review de novo whether an appeal waiver bars an appeal. *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). To do so, we conduct a two-step inquiry, first examining whether the waiver "was knowing and voluntary," and then considering whether the waiver "applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Higgins*, 739 F.3d 733, 736 (5th Cir. 2014). A waiver is knowing and voluntary if the defendant knew "that he had a right to appeal his sentence, that he was giving up that right, and the consequences of giving it up." *Id.*

The record demonstrates that Harris knowingly and voluntarily waived his right to appeal. The plea agreement, which is signed by Harris, includes a clear, unambiguous waiver of the right to appeal his conviction and sentence on any ground whatsoever, with the exception of ineffective assistance of counsel claims. At rearraignment, Harris confirmed that he had read and discussed the plea agreement with his counsel and understood the terms. After the Government summarized the appeal waiver provision, Harris confirmed that he understood and agreed to the appeal waiver. These "solemn declarations in open court carry a strong presumption of verity." *United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009) (quoting *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001)).

Harris admits that his challenges to the appeal waiver are "against Fifth Circuit precedent." Nevertheless, Harris asks the court to decline to enforce the appeal waiver under Judge Parker's concurring opinion in *United States v. Melancon*, 972 F.2d 566, 570–80 (5th Cir. 1992) (Parker, J., concurring). We are bound by the majority opinion in that decision and cases since, which consistently hold that valid appeal waivers like Harris's are

No. 25-60017

enforceable. *See, e.g.*, *id.* at 567–68 (majority opinion); *Higgins*, 739 F.3d at 736–39. Thus, Harris's arguments are unavailing.

Accordingly, the Government's motion to dismiss is GRANTED, the Government's alternative motion for summary affirmance is DENIED, and the appeal is DISMISSED.