Dietrick Lewis Johnson Sr.
#19831-078
Beaumont FCC Complex (Med)
P.O. Box 26040
Beaumont, Texas 77720

IN THE COURT OF CRIMINAL APPEALS
P.O. Box 12308, Capitol Station
Austin, Texas 7811

July 28th, 2015

RE: NO.WR-83,532-01

TO HONORABLE SAID JUDGE'S:

I received notice giving respondent; "Collin County," 30 days to submit Designating Issues and Writ of Habeas Corpus, pursuat to section 11.07.

Further, I have enclosed exhibits 1 thru 5 for your viewing, to demonstrate the fiasco regarding prosecutorial misconduct, and how I was tagged teamed by State and U.S. Assistant District Attorney's in my parallel case's respectfully.

I was charged in State and Federal Court's with crimes that they (i.e.prosecutor's and defense counsel's) knew I did not commit. However, these documents will demonstrate undisputed facts of Vindictive prosecution, Brady violations and ineffective assistance of counsel.

Prosecutor's knew the complainant gave perjured statement of facts to the grand jury, withheld exculpatory evidence (Metro pcs phone records) just to win a conviction. They committed fraud on the Court by submitting a fraudulent objection March

(1)

18th, 2013, know it was false, just to get a U.S. Magistrate Judge fact finding and recommendation denied. Further, setting themselves up with slam dunks in both Court's, and sending an innocent man to prison with a total of 160 years.

My girlfriend; April Blair, will be forwarding you copies of letter's I sent to my defense counsel; "Rafael De La Garza," that I also forwarded to the Court to become a part of the record. I used this counsel in State and Federal Court's to represent me. I told him that he violated my 5th Amendment when he did not investigate the surrounding facts of my case, and put up no defense. He stated; "is that your belief?" How he was not representing me on my appeal with the State, only in federal Court to the first charge.

I must say, these crimes never happened, the complainant is a patient at "Bent Tree Psychiatric Facility in Dallas, TX, and abuses the ADHD drug Aderol which is basically another form of the street drug Meth. Yes, I have a criminal history, but worked for Chrysler for 13 years before getting sick with Bladder Cancer and forced to leave. I moved to Texas, worked for Solar Turbines, over hauling turbine engines before going on to work for the railroad. I had full custody of my only son. These charges were brought against me due to this womans failed attempt on my life.

I hire a Private Investigator; "Chet," at 214-914-0801, trying to get hold of the very same phone records that the D.A.'s

(2)

suppressed, and I am still to this day being denied a right to my due process and equal protection of the law. I just want to prove my innocence. I told these three (3) women Assistant District Attorney's in Dallas, Collin Countie's and with the government, that you don't have to believe anything that I tell you the phone records will speak for themselves. In this domestic case, where this woman was scroned, knew about my past, used that to her advantage by filing false police reports behind my back. This woman profess to communicate with the dead, and when she found out I was dating an Attorney, here I am.

We as human being tend to lie at times, but phone records do not lie. I told them that you don't have to believe anything I say, just compare the phone records to her signed statement of facts that was given to the grand jury, and you'll see that this woman is lying. Well, here is the docket sheet in my case showing you that the prosecutor had the phone records, and saw that this woman was lying, and still convicted me, why?

A prosecutor's job is to see that Justice is served with fundamental fairness, it was her duty to turn those phone records over to the court once she saw that this woman was lying. This is why my application of 11.07 and designating issues never made it to this Court, they just swept it under the rug protectting this prosecutor.

In closing, in the alleged Stalking case in Dallas County, I was hoping to have a full blown out Trial there, I have filed a speedy trial Motion that has went unanswered, because I know if you have an alleged stalking case, the first thing you're going to do is get those phone records. They all played a game of chess with my life, and this is not how our criminal JUSTICE

(3)

system suppose to work.  I can only think of one thing here, and that's the fact that they were bias because I'm from out of town, from Detroit, and the color of my skin played a role in Collin County.

Respectfully submitted

Dietrick L. Johnson Sr.
#19831-078
Beaumont FCI Complex (Med)
P.O. Box 26040
Beaumont, Texas 77720

EXHIBIT #1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

UNITED STATES OF AMERICA,  §

      Plaintiff,  §

v.  §  CASE No. 4:12-CR-80

DIETRICK L. JOHNSON,  §

      Defendant.

DEFENDANT JOHNSON'S MEMORANDUM
IN SUPPORT OF § 2255 MOTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Dietrick L. Johnson ("Defendant"), pro se, pursuant to 28 U.S.C. § 2255, and files this Memorandum in Support of his Motion to Vacate and Set Aside his conviction and sentence for violation of 18 U.S.C. § 924(c), using or carrying a firearm during a carjacking offense, and states as follows:

I.

On December 6, 1995, the Supreme Court held in BAILEY v. UNITED STATES, 516 U.S. 137 (1995), that in order to convict a defendant, he must have actually "used" or "carried" a firearm during and in relation to a car jacking offense. In Defendant Johnson's case, his conviction does **not** meet the criteria as described in the BAILEY decision, and therefore, it should be vacated.

II.
SPECIAL STATEMENT TO THE COURT

Defendant is proceeding pro se in this action without assistance of professional counsel, has no formal training in law, and has limited access to the prison unit law library for the purpose

-1-

of researching relevant law dealing with the issues in this cause, therefore, Defendant moves this Court to review this pleading under the standard established in HAINES v. KERNER, 404 U.S. 519, 30 L. Ed. 2d 652, 92 S.Ct. 594 (1972).

III.

**GROUND ONE:** Conviction obtained by use of evidence gained pursuant to an Unconstitutional search and seizure, 4th, 5th, and 14th violation.

The 4th Amendment violation occurred by U.S. Marshals conducting a warrant-less search of Petitioner's vehicle on March 26th, 2012. Fruit of Poisonous Tree Doctrine.

Petitioner refused to sign or give verbal consent on record, to search his parked, locked vehicle that was on private property.

On, or around June 2012, Defense Counsel, "Denise S. Benson," came to Collin County jail trying to force Petitioner to sign a consent form; Petitioner refused because he gave no one verbal consent to search his vehicle stemming from the fact that there was no record of a court or a judge who signed a warrant to conduct a search.

The evidence, a Rohm, Model 36, .32 caliber revolver, Serial No. 217456, was submitted to the Grand Jury during its investigation April 12th, 2012. This evidence was submitted to the Grand Jury under false pretences, no signed warrant by the Court or a signed consent form from the Petitioner, was presented to the Grand Jury before April 12th, 2012. The Petitioner signed a Statement of Facts, after the fact, on July 19th, 2012.

Prosecutor's actions with [mis]-statement of important facts, that impaired the Grand Jury's independent role during its

-2-

investigation. (Cause and Prejudices standard) GIGLIO v. U.S., 405 U.S. 150 (1972).

Under 18 U.S.C. § 924(c)(1), there was no "active employment of the firearm recovered by U.S. Marshals," a use that makes the firearm an operative factor in the relation to the predicate offense. Therefore, the prosecution knew that the Grand Jury's investigation and the charging instrument was void. The FOURTH AMENDMENT violation was committed on the Petitioner by the Government when the Government presented a false evidence that was obtained by an illegal, warrant-less search, nor was there a signed consent form from the Petitioner.

**GROUND TWO**: Conviction obtained by a violation, Prosecutor failed to disclose evidence that was favorable to the Defense and the Defendant. (5th and 14th Amendment violations) See Exhibit #1 and Exhibit #5, exhibit #7.

Relevant Facts: After reviewing the Petitioner's state parallel DOCKET SHEETS Record, on April 15th, 2013, Assistant District Attorney, "Cynthia A Walker," subpoenaed **METRO PCS** phone records. Petitioner observed that this state district attorney suppressed this same BRADY material, that Assistant U.S. Attorney failed to disclose to the Court during trial court proceedings, the Grand Jury, and the Petitioner. This favorable evidence, i.e. **METRO PCS** phone records and **text messages**, that was withheld, would of shown that the complaining witness, by [mis]-statements of important facts to the Grand Jury's independent role which was impaired during its investigation. Fed. R. Civ. P. 12(b)(6). (Cause and Prejudice standard). GIGLIO v. U.S., 405 U.S. 150 (1972). 18 U.S.C.S. 1621, test of materiality in the Grand Jury's

investigation is whether false testimony has natural effect or tendency to impede, influence, or dissuade Grand Jury from pursuing its investigation. UNITED STATES v. STONE, (1970, CA2 N.J.) 429 F.2d 138 ... Intent, it is essential to subornation of perjury that suborner should have known or believed or have had good reason to believe that the testimony given would be false, that she should have known that the witness would testify willfully and corruptly and with knowledge of falsity and that she knowingly and willfully induced or procured witness to give such false testimony. PETITE v. UNITED STATES, (1959, CA4 M.D.) 262 F.2d 788 ...

Petitioner was denied Due Process because of the improper actions of Assistant U.S. Attorney, "Tracey M. Batson." Violation of Fed. R. Civ. P. and Evidence Rule 404(b).

In Complainants Statement of Facts (DOCKET No. 4:12-CR-80), that was presented to the Grand Jury, states: "that her and the Petitioner met on a dating website in January of 2011, began dating and that she ended their relationship in October or November of 2011. They got together briefly in December of 2011, when she ended the relationship **completely** at that time.

Allegedly, soon after, the Petitioner started stalking and harassing the Complainant by phone and texts. Between December 18th, 2011 to January 16th, 2012, Complainant called police ten (10) times, allegedly, due to Petitioner's harassment." **METRO PCS** phone records and text messages will demonstrate undisputed of facts, that on December 19th, 2011, during the A.M. hours, the Complainant **called the Petitioner** and complained that her car was making a noise. Complainant drove from the residence in Irving,

-4-

Texas, to where the Petitioner was a guest at 11511 Ferguson Road, Unit 1644 in Dallas, Texas on the above mentioned date. They (i.e. the Complainant and the Petitioner) both drove up the street, less than a mile from where Petitioner was staying, to the AUTO ZONE store on Centerville Road and Highway 635. They purchased parts for Complainant's 2003 Lincoln LS, that the Petitioner is accused of carjacking. Complainant purchased a rear driver-side wheel caliber, rotar and rear brakes with her CHASE Bank Debit Card with the Petitioner. This is in Dallas, or Garland, Texas——on December 19th, 2011.

METRO PCS phone records, undisputed of facts, show that the Complainant changed her telephone number the very next day, on December 20th, 2011, and thereafter, would call Petitioner repeatedly, using STAR 69 to block out her new number from the Petitioner. On January, 23rd, 2012, METRO PCS phone records will demonstrate undisputed of facts, that when Complainant got off of work at 3:00 P.M., she called Petitioner again, STAR 69, to block out her number from the Petitioner, just to come over to the Petitioner's residence for sexual relations with him. METRO PCS phone records will also demonstrate that [after] Complainant left the Petitioner's residence for the said sexual relations——she called the Petitioner, again, STAR 69, and they talked for [120 minutes]. This is what both the state district attorney, and the Assistant U.S. Attorney, observed. And they knowingly and intentionally entered this suppressed evidence into the state and federal Grand Jury's investigations under false pretences. see BROWN v. UNITED STATES, (1977 Ed. Okla.) 442 F.Supp. 150; UNITED

-5-

STATES v. GREEN, (1981, DC Nev.) 532 F.Supp. 381 ....

**GROUND THREE:** Constructive denial of Counsel

Constructive denial of counsel, it is true all a defendant has to show in (one) prong test. The SIXTH AMENDMENT right to assistance of defense counsel.

The Sixth Amendment provides in pertinent part" "In all criminal prosecutions, the accused shall enjoy the right .... to have the assistance of counsel for his defense." The 6th Amendment right to defense counsel in felony prosecutions is a fundamental right, binding on the States through the 14th Amendment.

RELEVANT FACTS

Petitioner requested defense counsel, "Denise S. Benson," to file a motion to suppress evidence which was obtained illegally, without a signed warrant by the Court or a signed consent form by the Petitioner. Counsel communicated to the Petitioner that it would be in his best of interest to plead guilty and therefore she refused to suppress illegally obtained evidence. METRO PCS phone records (call logs), AUTO ZONE part receipts in Petitioner's vehicle was not obtained by counsel to show that the Complainant's signed Statement of Facts given to the Grand Jury was perjured. HOOTS v. ALLSBROOK, 785 F.2d 1214, 1221 (4th Cir. 1986). Counsel presented no defense and failed to investigate. GAINES v. HOPPER, 575 F.2d 1147 (5th Cir. 1978).

The Supreme Court has uniformly found constitutional error without any showing of prejudice when counsel was either totally absent or prevented from assisting the accused during a critical stage of the proceeding. BURDINE v. JOHNSON, 292 F.3d 336, 345

-6-

(5th Cir. 2001). When counsel knew the obtained evidence was illegally obtained, without a signed warrant by the Court or a signed consent form by the Petitioner. Petitioner was arrested March 26th, 2012, Counsel "Denise S. Benson," on/or around June of 2012, came to visit Petitioner in Collin County jail, and tried to get Petitioner to sign a consent form, stating that he gave U.S. Marshals consent to search his vehicle. Petitioner refused, Counsel got upset with the Petitioner and saying he was guilty. This is what made Petitioner request for new counsel.

(5th AMENDMENT Equal Protection of Law)

A plea of guilty in a federal criminal proceeding is a waiver of federal constitutional rights—privilege against compelled self-incrimination, trial by jury, and the right to confrontation. In context of pleas of guilty, the Supreme Court has stated, "waivers of constitutional rights not only must be voluntary, but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." The Supreme Court has also held that a federal criminal trial record must support a finding that a plea of guilty was knowingly and voluntarily made to be a valid plea under the United States Constitution. Finally, the Court has suggested what constitutes voluntariness in the context of a guilty plea or plea of guilty.

On the Court's DOCKET sheet, July 09th, 2012, Counsel, "Denise S. Benson," filed a motion to suppress illegally obtained evidence, (a clear violation of the 4th Amendment). The Counsel then comes back to Collin County jail, eleven (11) days later, July 23rd, 2012, with a plea agreement. The Court in WILLIAM v. WASHINGTON,

-7-

59 F.3d 673 (7th Cir. 1995) held: "An attorney has a duty to familiarize himself with discovery materials provided by the federal government." Because Counsel failed in this regard, her behavior was not objectively reasonable under STRICKLAND.

**GROUND FOUR:** Conviction obtained by plea of guilty, which was unlawfully induced, not voluntarily with understanding the consequences of plea.

Petitioner did not know by pleading guilty in federal court, that guilty plea would be used against him in his state parallel case.

## RELEVANT FACTS

The Assistant U.S. Attorney, and the State Assistant District Attorneys' objection to report and recommendation 50 of Magistrate Amos L. Mazzant's Fact Finding to Judge Marcia A Crone, to grant Petitioner a right to withdraw his guilty plea , that the State would not enter the federal guilty plea against the Petitioner in his State parallel case. By those statements alone, Judge Crone denied Magistrate Mazzant's Fact Finding and Recommendation to allow Petitioner to withdraw his guilty plea. However, both the Assistant U.S. Attorney, and the Assistant State District Attorney, failed to disclose to Judge Crone that the State Assistant District Attorney, Cynthia A. Walker, had already entered a copy of the federal plea agreement into the State's evidence to use against Petitioner. Months before, Ms. Walker postponed a 9:30 A.M. hearing before Judge Scott J. Becker, until 1:30 P.M. that same day while she drove to the Assistant U.S. Attorney's office to get a copy of this federal plea agreement. She in return entered it as evidence into the Court's record in State District Court #219, Judge

-8-

Becker's courtroom and a hard copy given to State appointed defense counsel Terri Daniel.

At a hearing in federal court on January 30th, 2013, Assistant U.S. Attorney had the State Assistant District Attorney <u>active participation, on video and audio</u>, sitting at the table for federal prosecuting attorneys. The same State Assistant District Attorney who subpeonaed evidence (i.e. METRO PCS phone records and text messages) and suppressed this same favorable evidence in Petitioner's State parallel case April 15th, 2013, DOCKET sheet, 219th District Court, <u>Case No. 219-81234-2012, page 3 of 5</u>. (vindictive prosecution)

The standard as to the voluntariness of guilty pleas must be essentially that defined by Judge Tuttle of the U.S. Court of Appeals for the 5th Circuit:

> "[A] plea of guilty entered by one fully aware of the consequences, including the actual value of any commitments made to him by the Court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfillable promises), or perhaps by promises that are by there nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)." <u>BRADY v. UNITED STATES</u>, 397 U.S. at 755, (quoting <u>SHELTON v. UNITED STATES</u>, 246 F.2d 571 n. 2 (5th Cir. 1957)).

The Supreme Court has never required "<u>objective evidence</u>," in order to establish "<u>reasonable probability</u>," that Petitioner would have proceeded to trial instead of pleading guilty. Petitioner would of never agreed to pleading guilty to <u>240 months</u> in federal court, knowing that the State would find him guilty on his parallel cases, where he was boxed into accepting a <u>60-year</u> plea deal. MAGANA v. HOFBAUER, 263 F.3d 542, 547-48 n. 1 (6th Cir.

-9-

2001).

Petitioner's plea of guilty to the charge was predicated upon the advice of his defense counsel, "Denise S. Benson," who believed that the U.S. Marshal's claim that Petitioner gave verbal consent during the arrest to search his parked, locked vehicle on private property and recovered a firearm (i.e. a Rohm, Model 36, .32 caliber revolver, Serial No. 217456) was a violation of 18 U.S.C. § 924(c).

. Furthermore, this erroneous belief was also held by the prosecuting attorney who drafted the indictment and the district court judge who found the basis for the Petitioner's guilty plea. In fact, however, this belief by Counsel, "Denise S. Benson," the prosecutor and the Court was erroneous, simply, the record holds no evidence of the Petitioner signing a consent form conducted by U.S. Marshal's warrantless search on March 26th, 2012.

Therefore, Petitioner's guilty plea was not entered knowingly and voluntarily because the record indicates that Prosecutor, "Tracey M. Batson," submitted, illegally recovered firearm as evidence before the Grand Jury before their investigation April 12th, 2012. 4th Amendment. In this matter and all matters, the Petitioner did not receive real notice of the true nature of the charge against him. His plea should therefore be vacated.

**NOTE:** The plea agreement was signed August 19th, 2012.

**KEY NOTE:** Defense Counsel attempted to get Petitioner to sign a consent form while in Collin County jail on or about June of 2012.

Petitioner signed Statement of Facts in support of plea agreement July 19th, 2012.

-10-

**GROUND FIVE:** Denial of effective assistance of counsel, failure to investigate

RELEVANT FACTS

Petitioner requested both Defense Counsels' "Denise S. Benson and Rafael De La Garza," repeatedly, to subpeona all items that were recovered during an illegal warrantless search and illegal towing of Petitioner's locked, parked vehicle on private property that were inventoried (S.O.P.). "METRO PCS phone records, AUTO ZONE car parts receipt, METRO PCS sim card, police reports filed on Complainant in Dallas. Petitioner submitted numerous correspondence letter(s) to both said counsels requesting suppressed evidence that would demonstrate to a jury that Petitioner would of not been found guilty. UNITED STATES v. TUCKER, 716 F.2d 576, 583 n. 16 (9th Cir. 1983).

It is the duty of the lawyer to conduct a prompt investigation of the circumstances of the case and to explore all avenues leading to the facts relevant to the merits of the case and the penalty in the event of conviction. The investigation should always include efforts to secure information in the possession of the prosecution and law enforcement authorities. ABA Standard 4-4-1. Moreover, "The investigatory should begin immediately on appearance as counsel for the Petitioner." HARRIS v. BLODGETT, 853 F.Supp. 1239, 1255 (W.D. Wash. 1994)(citing TUCKER, supra and McQUEN v. SWENSON, 498 F 2d 207, 217 (8th Cir. 1994)). see Exhibit(s) #1, #2, #3, and #4.

According to Rule 16(E)(i,ii,iii), Rule 16(F)(i,ii,iii), and Rule 16(G) of the Federal Rules of Criminal Procedure, the said

Defense counsel(s) failed to request any medical report that indicated the Complainant received any bodily injury; counsel(s) failed to request an expert witness to testify whether Complainant actually received any bodily injury; and counsel(s) failed to request any documents indicating how the Complainant (supposedly) received bodily injury from the Petitioner.

Additionally, counsel(s) failed to file motions under Fed. R. Crim. P. Rule 14(g) and (h). Counsel(s) simply were satisfied with making plea deals instead of protecting the Petitioner's Constitutional Rights.

**GROUND SIX:** Denial of effective assistance of counsel, failure to file a timely motion to suppress illegally obtained evidence.

The Court's DOCKET sheet in Case No. 4:12-CR-80, on July 09th, 2012, Defense Counsel "Denise S. Benson" filed a motion to suppress illegally obtained evidence (i.e. firearm, Rohm, Model 36, .32 caliber revolver, Serial No. 217456)(a clear violation of the 5th AMENDMENT). Then, Ms. Benson returns to Collin County jail eleven (11) days later, on July 23rd, 2012, with a plea agreement and a consent form saying Petitioner gave U.S. Marshals verbal consent to search his vehicle.

**Emphasis added:** The difference between a warrantless search and a void indictment, Fed. R. Crim. P. Rule 41(a)(2)(C) requires agents to have a search warrant where——like in Petitioner's case——verbal consent was [not] given, [nor] was there ever a signed consent form.

Counsel's deficient performance and advice was culpable under the 5th AMENDMENT, Equal Protection of Law (Self-incrimination).

-12-

In the assessment of Ms. Benson's competence, she <u>must</u> be held accountable for knowledge or ability to attain the knowledge of all relevant legal matters that are neither novel nor unsettled. <u>GALSSER v. UNITED STATES</u>, 315 U.S. 60, 75-76, 62 S.Ct. 457, 467, 86 L. Ed. 680 (1942).

Understanding the elemental mechanics of the charged offense, is basic to representing a Petitioner in a criminal prosecution, thus, counsel had the duty to at least examine 18 U.S.C. § 924(c)(1) to the extent that she would be able to distinguish the difference between a warrantless search and a void indictment.

<u>The record holds [neither] any signed warrant by any Court,</u> <u>[nor] any signed consent form by the Petitioner.</u>

<u>GROUND SEVEN:</u> Ineffective assistance of counsel for failure to investigate competency of Petitioner or request a hearing when competency is at issue.

Petitioner did not find out that he was taking a powerful drug, i.e. "Zoloft," that treats people who are suffering from depression, for four (4) times a day, until after he was locked up. This medication was prescribed to Petitioner, by his Urologist, "Dr. Stephen Ash," at 1601 Lancaster Dr., in Grapevine, Texas.

Petitioner was suffering from premature ejaculation, complications from experiencing bladder cancer since 2004. Therefore, this drug was not stated in detail with Petitioner, nor was he ever treated or suffered from depression.

Counsel's failure to investigate Petitioner's mental deficiencies, Local Rule cv-34(1), before allowing Petitioner to sign a plea agreement, and plead guilty in open court to a crime they

-13-

(i.e. defense counsel(s), along with the state and federal prosecutors) were fully aware that the Petitioner did **not** commit. The plea was **not** knowingly nor voluntarily. Petitioner requested to [withdraw] his guilty plea a couple of times during the trial court proceedings. Hence, counsel's failure to investigate the competency of Petitioner, and counsel's failure to request a hearing on Petitioner's competency affected the validity of his plea agreement. See Exhibit: #5, #6, #7

**GROUND EIGHT:** Denial of effective assistance of counsel, 5th, 6th, and 14th AMENDMENT violations.

During the hearing for Petitioner's motion to withdraw guilty plea, and other trial court proceedings, Petitioner communicated repeatedly to defense counsel, "Rafael De La Garza," of the fact that the charging instrument was void. Counsel failed to investigate Petitioner's claims of innocence and all suppressed evidence withheld by Asst. U.S. Attorney, "Tracey M. Batson." Instead, counsel filed an ANDERS brief, stating that Petitioner had no grounds to appeal. see EXHIBITS #1, #2, #3, and #4, #8, #9, #10 **Emphasis added:** Court appointed counsel refused to file a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

Counsel held knowledge that evidence was obtained illegally and counsel had knowledge about the existence of all inventoried items (Standard Operating Procedure) that was recovered from the illegal towing and impound of Petitioner's vehicle, items such as:

1. METRO PCS phone records showing dates, times and length of all calls made **by** the Complainant **to** the Petitioner using

-14-

STAR 69 to block out her number from Petitioner;

2. the recovered firearm (i.e. a .32 caliber Rohm, Model 36 revolver);

3. AUTO ZONE store receipts for car parts purchased by Complainant on December 19th, 2011, with the Petitioner, paid for with Complainant's own CHASE Bank debit card (one day right after Complainant called police alleging Petitioner was stalking and harassing her); and,

4. Police reports filed on Complainant for trying to kill the Petitioner and for putting sugar into Petitioner's gas tank in Dallas, Texas.

All of the above said was stressed with said counsel, repeatedly, up until Petitioner found out counsel filed an ANDERS brief due to Petitioner sending copies of every letter he (Petitioner) wrote to counsel, to the court to become part of the record. See Exhibit #11:#2 every letter the Petitioner wrote to counsel in the files and record for Cases 4:12-CR-80 and 4:13-CR-88; this is clear proof that counsel was repeatedly told by Petitioner to get said phone records and AUTO ZONE store receipts to show that the Complainant gave perjured Statement of Facts that was presented to the Grand Jury during their independent role of investigation that was impaired during its independent role of investigation, by signed mis-statement of facts in affidavit that the Asst. U.S. Attorney presented to the Grand Jury. HOLLOWAY v. ARKANSAS, 435 U.S. 475, 489, 98 S.Ct. 1173, 1181, 55 L. Ed. 2d 426 (1978).

Counsel was told that on March 26th, 2012, U.S. Marshals assisting a Collin County, Texas Sheriff's Deputy serving an arrest

-15-

warrant at 11511 Ferguson Rd., Unit 1644, Dallas, Texas——a place that was owned by Kenneth McCoy, where Petitioner was a guest at, a place Petitioner had no signed lease or rental agreement——these U.S. Marshals kicked in the front door of this said property, without knocking or announcing their presence before breaking down the door. This clearly violated 18 U.S.C. § 3109 and the 4th AMENDMENT to the U.S. Constitution. Counsel was repeatedly asked by the Petitioner about this violation, and also about Discovery. Petitioner wrote to the Clerk of this Court requesting a copy of Discovery; the Clerk wrote back stating that there was no Discovery filed on record, and to get it from "your attorney." When Petitioner asked counsel about what the said Clerk said, counsel got defensive and said "we don't file hard copies of Discovery with the court; its done electronically." The Petitioner then told counsel that "if this is the case, the Clerk would have printed me a copy of Discovery if it was filed with the court electronically." Petitioner wrote two (2) motion(s) to be filed in Case No. 4:12-CR-80, Production of Documents and Motion to Compel Discovery. These said motions were somehow (erroneously) filed in Case No. 4:13-CR-88, and then Counsel files an ANDERS brief on me saying Petitioner had no grounds to appeal. Therefore, every motion Petitioner filed trying to get records of a no knock warrant, or search warrant, was being blocked by Petitioner's own defense counsel. Petitioner wanted METRO PCS phone records, and receipts from AUTO ZONE to show that the Complainant falsified government documents which were presented to the Grand Jury. (Clearly a 4th, 5th, and 14th AMENDMENT violation, Equal Pro-

-16-

tection of law, and Due Process).

**GROUND NINE:** Conviction obtained by the Un-constitutional failure of the prosecution to disclose evidence affecting the credibility of the witness

The favorable (exculpatory) evidence that was knowingly and intentionally suppressed by Asst. U.S. Attorney, "Tracey M. Batson," would have shown that the Petitioner's conduct did **not** result in any violation under 18 U.S.C. § 924(c)(1). The Asst. U.S. Attorney knew <u>before drafting up the indictment, and submitting illegally obtained firearm before a Grand Jury would be false.</u> Therefore, violating Petitioner's <u>14th Amendment Due Process</u>, automatic and guaranteed right.

Furthermore, the said Asst. U.S. Attorney intentionally disobeyed both scheduling orders signed by U.S. Magistrate Judge Amos L. Mazzant April 15th, 2013, and signed by U.S. Magistrate Judge Don D. Bush on April 24th, 2012. <u>Fed. R. Crim. P. 16(a)(2)</u> and <u>Fed. R. Evid. 404(b)</u>. Rules 12(b), 12.1, 12.2, 12.3, 14, 15 and 16 of <u>Fed. R. Crim. P.</u> and include without limitation (2) defects in Indictment or Information; (3) suppression of evidence; (7) Discovery; and, (9) selective or vindictive prosecution. Local Rule CV-26. Provisions governing discovery, duty of disclosure. **see** EXHIBIT(S) #2, #5 and #6, and #7

Under <u>BRADY</u> material, this exculpatory evidence was favorable to the defense: <u>METRO PCS</u> phone records which contained text messages and all calls from the Complainant. This said evidence would have demonstrated that the Complainant committed perjury under oath, through a signed affidavit to have the Petitioner arrested on <u>false stalking, car-jacking, and kidnapping charges</u>.

-17-

Furthermore, it would have provided an illustration that the Petitioner was **not** guilty as charged on the indictment. Therefore, this said evidence would have in fact changed the outcome of the trial court proceeding. The evidence requested will establish a pattern of Complainant's lying to government officials, and also other agencies. For instance, in January of 2012, the Complainant filed a police report in Irving, Texas, stating that the Petitioner damaged her 2003 LINCOLN LS. Then Complainant files an insurance claim, that was in her mother's name (Jessie Love), that the PEP BOYS store (located at Beltline Rd. and Hwy. 183) damaged this _same_ vehicle. The Complainant held PEP BOYS legally responsible for monetary damages for this _same_ damage to her vehicle that she alleged the Petitioner did to her vehicle.

Then, five days after having sexual relations with the Petitioner, January 23rd, 2012, Complainant has Petitioner arrested on (false) stalking charges on January 28th, 2012, and she told the 911 operator that Petitioner kicked in her front door and was armed with a weapon. During Petitioner's arrest, Complainant's door was [not] kicked in, nor did Petitioner have [any] weapon during his arrest.

Undisputed of fact, METRO PCS phone records will not lie, and state and federal prosecutors' offices knew that the Complainant gave perjured statement of facts to the Grand Jury.

In matters and all matters, Petitioner's conviction and sentences should be vacated.

PRAYER

Based on the record of undisputed facts, Defendant Johnson

-18-

respectfully moves this Court to vacate and set aside his conviction and sentence for violation of U.S.C. § 924(c).

Respectfully submitted,

Dietrick L. Johnson
TDCJ-CID #1894476
MICHAEL Prison Unit
2664 F.M. 2054
Tennessee Colony, Texas 75886

Date: July 1, 2014

## VERIFICATION

I, Dietrick L. Johnson, hereby declare under penalty of perjury that the facts stated in the foregoing Memorandum are TRUE and CORRECT.

Dietrick L. Johnson

Date: July 1, 2014

-19-

EXHIBIT #2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

UNITED STATES OF AMERICA, §
  Plaintiff, §
§
§
v. §    Case No. 4:12CR80
§
DIETRICK LEWIS JOHNSON SR., §
  Defendant, §
§

DEFENDANT JOHNSON'S AMENDED MEMORANDUM
IN SUPPORT OF § 2255 MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Dietrick L. Johnson Sr. ("Defendant"), pro se, pursuant to 28 U.S.C. § 2255, and files this Amended Memorandum in Support of his Motion to Vacate and Set aside his conviction and sentence for violation of 18 U.S.C. § 924(c), using or carrying a firearm during a Carjacking Offense.

On newly discovered evidence, the grand jury returned a superceding indictment, charging Mr. Johnson with the following Counts: Count (1), 18 U.S.C. § 2119 of Carjacking. Count (2), 18 U.S.C. § 924 (C) with Possession of A Firearm, during and in Relation to a Crime of Violance. Count (3), 18 U.S.C. § 922(g)(1) with Felon In Possession of A Firearm.

In the government's answer to this Defendant's 2255 Motion, the government stated that they never charged this Defendant with Weapon Violation(s). Infact, the government dropped all the Weapon Violation(s) during plea negotiations, knowing that the Weapon was obtained illegally during an illegal search of

(1)

this Petitioner's parked, locked vehicle that was on private property, where NO VERBAL CONSENT WAS EVER GIVEN, or ANY SEARCH WARRANT SIGNED BY ANY COURT TO CONDUCT A SEARCH OF ANY KIND.

On January 30th, 2013, Defense Counsel; "Denise S. Benson," testified on the record, that this Defendant allegedly told her that he wanted to enter a plea to his State charges. However, no plea of guilty ever occurred in the State proceeding. This statement alone, clearly demonstrates for this Court that Defense Counsel testified corruptly and falsily for the prosecution in this case. This Defendant never had any intentions on pleading guilty in any Court, case and point, if that was the case, why did the State prosecutor's plea offer's go from, 40 year's, to 50 year's and finally to 60 year's if this defendant allegedly told this to his Defense Counsel? It's clear that the State prosecutor kept going up on her time, because this Petitioner had NEVER THOUGHT ABOUT PLEADING GUILTY, until his federal guilty plea was used as a CONFESSION against him on all his parallel State charges. This is what made this Petitioner accept a 60 year prison sentence, because his federal guilty plea was entered as a confession November 28th, 2012. Then the State and U.S. Assistant District Attorney's both, in their Objection to Magistrate Judge Amos. L. Mazzant's fact finding, and recommendation to allow this Petitioner his Constitutional right to take the case to Trial before a jury. On March 18th, 2013, State and Federal prosecutor's certified that the State of Texas would not use this Petitioner's federal guilty plea as a confession. It's clear that this petitioner's own

(2)

EXHIBIT #3

UNITED STATES OF AMERICA vs. DIETRICK LEWIS JOHNSON
UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN
DIVISION
2013 U.S. Dist. LEXIS 52385
Case No. 4:12cr80
March 4, 2013, Decided
March 4, 2013, Filed

**Editorial Information: Subsequent History**

Adopted by, Motion denied by United States v. Johnson, 2013 U.S. Dist. LEXIS 51448 (E.D. Tex., Apr. 10, 2013)

**Counsel**        For Dietrick Lewis Johnson, Defendant: Rafael De La Garza, II, LEAD ATTORNEY, De La Garza Law Firm, Plano, TX.
        For USA, Plaintiff: Tracey M Batson, U.S. Attorney's Office, U S Dept of Justice, Plano, TX.

**Judges:** AMOS L. MAZZANT, UNITED STATES MAGISTRATE JUDGE. Judge Crone.

**Opinion**

**Opinion by:**        AMOS L. MAZZANT

**Opinion**

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter having been referred by the Honorable Marcia A. Crone, the Court held a hearing on January 30, 2013, on Defendant's Motion to Withdraw Plea of Guilty (Dkt. #36). In his motion, Defendant seeks to withdraw his guilty plea, which was accepted by the District Judge on August 8, 2012 (Dkt. #28).

### BACKGROUND

On August 7, 2012, Defendant appeared before the undersigned for his change of plea hearing. Defendant pleaded guilty to count one of the indictment charging a violation of 18 U.S.C. § 2119, Car Jacking. On August 7, 2012, Findings of Fact and Recommendation on Guilty Plea were entered. On August 8, 2012, United States District Judge Marcia Crone adopted the report, finding Defendant guilty of count one of the indictment. Defendant's plea agreement was pursuant to Fed. R. Crim. P. 11(c)(1)(C) where the parties agreed the appropriate sentence in this case is twenty (20) years.

On October 5, 2012, Defendant filed a motion to withdraw his plea of guilty. On October 19, 2012, the Court conducted a hearing on the motion, and at the hearing, Defendant withdrew his motion. On November 29, 2012, Defendant filed another motion to withdraw his guilty plea. On January 28, 2013, the Government filed a response. On January 30, 2013, the Court conducted a hearing on the motion. At the hearing, Defendant testified, as did his former counsel, Denise Benson. At the end of the hearing, the Court rejected all of Defendant's arguments except for one. The Court had a

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

19831078

question whether Defendant's plea of guilty was a knowing and voluntarily plea, when Defendant indicated he did not know that his federal plea could be used against him in a parallel state proceeding. The Court allowed the parties to file additional briefs on this issue. On February 8, 2013, Defendant filed a brief, and on February 13, 2013, the Government filed a responsive brief.

## ANALYSIS

### Standard of Review

According to Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure, a district court may grant a motion to withdraw a guilty plea before sentencing if the defendant shows "a fair and just reason." Fed. R. Crim. P. 11(d)(2)(B). There is no absolute right to withdraw a guilty plea, and the Defendant bears the burden of establishing a fair and just reason for withdrawing her plea. *United States v. Puckett*, 505 F.3d 377, 382 (5th Cir. 2007)(citation omitted); *United States v. Lampazianie*, 251 F.3d 519, 523-24 (5th Cir. 2001). In deciding whether to permit a defendant to withdraw a guilty plea, the Court is granted "broad discretion." *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984)(citation omitted).

To determine whether a defendant may withdraw a plea of guilty prior to sentencing, this Court must look at the following factors: (1) whether the Defendant has asserted his innocence; (2) whether the government would suffer prejudice if the withdrawal of the motion were granted; (3) whether the Defendant has delayed in filing his withdrawal motion; (4) whether the withdrawal would substantially inconvenience the Court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. *Carr*, 740 F.2d at 343-344. The Court is not required to make a finding as to each individual factor. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). The *Carr* factors are considered for the totality of the circumstances and no single factor is dispositive. *Lampazianie*, 251 F.3d at 524; *Powell*, 354 F.3d at 370.

### Discussion

Defendant's main argument in support of his claim that there is a fair and just reason to allow him to withdraw his guilty plea is that he did not knowingly or voluntarily enter a guilty plea. Defendant bases this argument on the fact that prior counsel did not explain to him that his plea in federal court could be used against him in a parallel case in state court in Collin County, Texas.

"For a plea to be knowing and voluntary, 'the defendant must be advised of and understand the consequences of the [guilty] plea.'" *United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir. 1992)(quoting *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990)). Defendant must have notice of the nature of the charges against him, he must understand the consequences of his plea, and he must understand the nature of the constitutional protections he is waiving. *Matthew*, 201 F.3d at 365. For a guilty plea to be voluntary, it must "not be the product of 'actual or threatened physical harm, or ... mental coercion overbearing the will of the defendant' or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel." *Id.* (quoting *Brady v. United States*, 397 U.S. 742, 750, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970)).

In this case, the Court informed the Defendant of the nature and consequences of his guilty plea. The Court informed Defendant of the rights he gave up when pleading guilty, the potential sentence he faced for pleading guilty, and the specific elements of the crime.

Defendant testified that Ms. Benson never advised him of the consequence that his guilty plea would have on his parallel state case. Defendant further testified that he not did know that his guilty plea

1yecases      2

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

and factual statement could be admitted into evidence against him in the parallel state proceeding. Defendant further testified that had he known that his plea of guilty in this case could be used against him in his state case, he would never have pleaded guilty in the federal case.

Ms. Benson then testified that she could not recall ever having the conversation with the Defendant where they discussed the consequences of his plea of guilty in his parallel state case. Ms. Benson testified that it is her practice to do so, but that she could not recall doing so in this case. Ms. Benson further testified that Defendant had informed her that he wanted to enter a plea to his state charges. However, no plea of guilty ever occurred in the state proceeding.

In their supplemental briefs, neither party was able to locate any Fifth Circuit case that addresses this situation. The Government does point out that "upon a showing of a 'fair and just reason' a district court may permit a defendant to withdraw a guilty plea at any time before sentencing." 1 The Court finds that the facts of this case demonstrate a fair and just reason to allow Defendant to withdraw his plea of guilty. In this case, Defendant testified that he would never have entered his plea of guilty to his federal case, if he had known that his plea here could have been used against him in his parallel state proceeding. The Court also has the testimony of his defense counsel, Ms. Benson, that although she typically informs her clients of this situation, she cannot recall doing so in this case. Since she cannot recall, the Court finds that there is no evidence that such warnings were given. Although the plan may have been for Defendant to enter a plea in state court, no such plea ever took place. Moreover, in the state case, the Court gave the Assistant District Attorney the opportunity to stipulate that the state would not use his federal plea as a confession in the parallel state proceeding, but the Assistant District Attorney would not so certify. If the state had certified, the Court would see that the failure to advise would be harmless. Since the stipulation did not occur, the Court must find that Defendant's plea was not made knowingly or voluntarily to the full consequences of his federal plea of guilty. The Court finds, based upon the totality of the circumstances, that there is a just and fair reason to allow Defendant to withdraw his plea of guilty.

During the hearing, Defendant was advised by counsel and the Court of the consequences of withdrawing his plea. Defendant was informed that if he proceeds to trial. he could receive a longer sentence than contemplated by his plea agreement. Defendant stated that despite the consequences, he wanted to withdraw his plea and proceed to trial.

## RECOMMENDATION

The Court recommends that Defendant's Motion to Withdraw Plea of Guilty (Dkt. #36) should be **GRANTED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 4th day of March, 2013.**

/s/ Amos L. Mazzant

AMOS L. MAZZANT

1yecases                                          3

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

UNITED STATES MAGISTRATE JUDGE

**Footnotes**

1

The Government's supplemental response brief reviews what occurred at the Court's status conference when Defendant decided to not go forward with his first motion to withdraw his plea. The Government asserts that Defendant appeared to believe that the federal and state sentences would be served concurrently. Although the record is not clear on this point, it appears that Defendant thought that the sentences would run concurrently and that after he finished his federal time, his state sentence would also be completed. However, the state court plea never occurred.

1yecases        4

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

EXHIBIT #4

Appeal dismissed by, Motion granted by United States v. Johnson, 2014 U.S. App. LEXIS 14029 (5th Cir. Tex., July 23, 2014)

**Editorial Information: Prior History**

United States v. Johnson, 2013 U.S. Dist. LEXIS 52385 (E.D. Tex., Mar. 4, 2013)

**Counsel** For Dietrick Lewis Johnson, Defendant: Rafael De La Garza, II, LEAD ATTORNEY, De La Garza Law Firm, Plano, TX.

For USA, Plaintiff: Tracey M Batson, U.S. Attorney's Office, U S Dept of Justice, Plano, TX.

**Judges:** MARCIA A. CRONE, UNITED STATES DISTRICT JUDGE.

Opinion

**Opinion by:** MARCIA A. CRONE

Opinion

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On March 4, 2013, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendation that the Defendant's Motion to Withdraw Plea of Guilty (Dkt. #36) should be granted.

On March 4, 2013, the Magistrate Judge recommended that the motion be granted. The Magistrate Judge indicated that he gave the Assistant District Attorney the opportunity to stipulate that the state would not use Defendant's federal plea as a confession in the parallel state proceeding, but the Assistant District Attorney would not so certify. The Magistrate Judge then found that if the state had certified, the Court would see the failure to advise as harmless. The Magistrate Judge only determined that, since there was no stipulation, the Defendant's plea was not made knowingly or voluntarily to the full consequences of his federal plea of guilty.

On March 18, 2013, the Government filed objections. As part of the objections, the Assistant District Attorney has now certified that the State of Texas will not use the evidence of Defendant's federal plea against him in the state's case in chief, reserving the right to use his federal plea for rebuttal and impeachment. The Court agrees with the Magistrate Judge that once the State of Texas made the certification that it would not use the federal plea against Defendant in its case in chief, the error was harmless.

The Court, having made a *de novo* review of Government's objections, is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge, in part, as the findings and conclusions of this Court. It is accordingly

**ORDERED** that the Defendant's Motion to Withdraw Plea of Guilty (Dkt. #36) is **DENIED.**

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

*(handwritten top-left: "Requested to take a polygraph test Nota →")*

*(handwritten top-right: "original", "EXHIBET #5")*

*Request to take polygraph*

\* 01/18/2013    Inmate Correspondence *(handwritten: "Requesting phone Records")*
   -Trying to retain an attorney

02/01/2013    **Announcement** (Judicial Officer: Becker, Scott J.)

02/12/2013    State Application for Subpoena

02/12/2013    **Subpoena**

| | | |
|---|---|---|
| | Weisskopf, D.A. | issued |
| *(Lynn)* | Love, Sammi | issued |
| *(Lynns momma)* | Love, Jessie | issued |
| *(Lynns Boss)* | Canton, Mary | issued |
| | Meade, ATF Det. Daniel | issued |
| | Krueger #1045, Ofc. Matt | issued |

\* 03/21/2013    Inmate Correspondence *(handwritten: "Requesting Phone Records")*

04/11/2013    Motion to Withdraw
   *as Counsel*
   Party: Appointed Attorney Daniel, Terri

\* 04/11/2013    Motion
   *For Witness List*

*(handwritten: "Standing Discovery order for criminal cases")*

\* 04/11/2013    Motion
   *For Discovery*

*(handwritten: "Rule 26 of Federal Rules of civil Procedure")*

04/11/2013    Order Granted
   *on Motion To Withdraw*

*(handwritten: "Prosecutor Had Phone Records")*

\* 04/15/2013    State Application for Subpoena *(handwritten: "Prosecutor Cynthia A. Walker")*

04/15/2013    **Subpoena**

| | |
|---|---|
| Metro PCS | issued |

04/26/2013    **Pre Trial** (Judicial Officer: Becker, Scott J.)

04/29/2013    **Jury Trial** (Judicial Officer: Becker, Scott J.)

05/03/2013    **Announcement** (Judicial Officer: Becker, Scott J.)

05/06/2013    State Application for Subpoena

05/06/2013    **Subpoena**

| | |
|---|---|
| Love, Sammi | issued |
| Love, Jessie | issued |
| Canton, Mary | issued |
| Meade, ATF Det. Daniel | issued |
| Krueger #1045, Ofc. Matt | issued |
| Frizell, Micky | issued |

07/17/2013    Inmate Correspondence *(handwritten)*

*(handwritten bottom: "...ested by letters in court Docket ... times, begging to get Phone Records")*

defense counsel, along with the State and U.S. Assistant District Attorney's entered into a conspiracy to convict this Petitioner by violating his Constitutional right(s) to a Trial by jury, and his Due Process and equal protection of the law.

The original 2255 Motion is clear to this said Court, of the MANY CONSTITUTIONAL ERROR'S in this Petitioner's case's.

Petitioner's vehicle was towed away, impounded, to cover up the United States Marshal's illegal search of this Defendant's vehicle March 26th, 2012. United States Marshal's, Collin County Sheriff's Department and Dallas Police Department walked away from 11511 Ferguson Rd., Unit #1644, Dallas, Texas 75228, after kick in/down the front door to this said property. Further, leaving this property to be looted, robbed of everything of value, and on March 29th, 2012 this Petitioner's vehicle was released to someone this petitioner doesn't know. This vehicle was illegally towed off private property, stolen out of impound in Dallas, Texas. Now, there's toll bills coming to abved mentioned address, with someone driving this vehicle since March 29th, 2012. The vehicle was seen parked at the La Bella Palms Apartments in Dallas, Texas, September 5th, 2013, on channel 5 News, at 11:30 A.M., during an interview of an eight (8) year old boy who was shot in the face. This Petitioner is from Detroit, Michigan, with no family or friends in Texas who could of possibly gotten his vehicle out of impound, even with his consent to do so. The United States Marshal's, Collin County Sheriff's Department and Dallas Police Department did not have anything but an Arrest Warrant for an ALLEGED KIDNAPPING THAT NEVER TOOK PLACE.

Before breaking down the door to said property. Furthermore, Managment at the apartment complex had to board the place up after it was robbed of everything of value. It's clear that these law enforcement officer's walked away from this place where the petitioner was a guest, atleast until he could of purchased his own home. Then they give away his vehicle to someone that he doesn't even know. These law enforcement officer's never contacted Management to notify them that they kicked in/down the front door to this said property.

## PRAYER

Based on the record of undisputed facts, Defendant Johnson respectfully moves this Court to vacate and set aside his conviction and sentence for violation of U.S.C. § 924(C).

Respectfully submitted,

Dietrick L. Johnson Sr. Pro se
#19831-078
Beaumont FCI Complex (MED)
P.O. Box 26040
Beaumont, Texas 77720

## VERIFICATION

I, Dietrick Lewis Johnson Sr., hereby declare under penalty of perjury that the facts stated in the foregoing are true and correct.

Dietrick L. Johnson Sr.

Date: June 29th, 2015

cc: United States Department of Justice, Civil Rights Div..
Files

(4)